IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN KESSEL,<br><br>      Petitioner,<br><br>  vs.<br><br>WARDEN KIRKEGARD; MONTANA DEPARTMENT OF CORRECTIONS; MONTANA BOARD OF PARDONS AND PAROLE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>      Respondents. | Cause No. CV 13-52-H-DWM-RKS<br><br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On September 9, 2013, Petitioner John Kessel filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Kessel is a state prisoner proceeding pro se.

On February 6, 2014, Mr. Kessel was ordered to file an amended petition. The Order was necessary because Mr. Kessel asked the Court to search through what he had filed in other courts in order to discover claims for relief he intended to make in this Court. Mr. Kessel was specifically advised that "[a]ny claim not set forth as a claim for relief in the amended petition will not be considered in this action." Mr. Kessel filed an Amended Petition and a brief on February 26, 2014.

1

He also filed a "request for production of documents under Fed. R. Civ. P. 34,

which the Court has construed as a motion for discovery, *see* Rule 6(a), Rules

Governing § 2254 Cases.

## I. Mr. Kessel's Claims and Analysis

### A. Montana Supreme Court's Denial of the Petition for Certiorari

Mr. Kessel's first claim for relief states "denial of writ of certiorari." Am.

Pet. (Doc. 9) at 3 ¶ 15A. He refers to the Montana Supreme Court's order of June

11, 2013, denying his petition for a writ of certiorari, also called a writ of review.

See Mont. Code Ann. § 27-25-101.

A writ of review is an extraordinary writ in Montana. Mont. R. App. P.

14(2). "The review upon this writ cannot be extended further than to determine

whether the inferior tribunal, board, or officer has regularly pursued the authority

of such tribunal, board, or officer." Mont. Code Ann. § 27-25-303. None of Mr.

Kessel's exhibits remotely suggests any tribunal, board, or officer in Montana did

anything beyond the scope of the regular pursuit of its authority. Even if a tribunal,

board, or officer erred, the error would not be reviewable by a petition for writ of

certiorari under Montana law. There is no basis for a claim that any federal right

was violated by the Montana Supreme Court's denial of Mr. Kessel's petition for a

writ of certiorari on the grounds that Mr. Kessel "has failed to establish that the

Board exceeded its authority." *See* Order at 4, *Kessel v. Montana Dep't of*

*Corrections*, No. OP 13-0311 (Mont. June 12, 2013), *available at*
http://supremecourtdocket.mt.gov (accessed Mar. 3, 2014) (Doc. 9-6).

Moreover, Mr. Kessel seeks redress because he was not able to complete
sexual offender treatment earlier and because he has not been released on parole
since completing the required treatment programs, *see* Pet. (Doc. 1) at 7 ¶ 16.
Neither is a cognizable basis for federal habeas relief. Federal law does not require
a State to assist a prisoner in making himself suitable for parole. A federal habeas
court does not second-guess a parole board's determination that parole is not
warranted. *See Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 863 (2011).

Federal habeas relief is not available on this claim. It should be denied. 28
U.S.C. § 2254(a).

### B. Confinement in South Dakota

Mr. Kessel's second claim for relief alleges that the Bureau of Pardons and
Parole "over stepped Judgment of Commitment" by sending him to a South Dakota
prison because the terms of the Judgment "clearly stated" that he must be housed
"AT MSP." Am. Pet. at 4 ¶ 15B (capitals in original).

This claim could have been raised in Mr. Kessel's first habeas petition in
this Court, which was filed on June 5, 2009, while Mr. Kessel was incarcerated in
South Dakota. *See* Pet. (Doc. 1), *Kessel v. Dooley*, No. CV 09-44-BU-RFC-CSO
(D. Mont. judgment entered Jan. 26, 2010); *see also* Kessel Aff. in Supp. of Cert.

Application (Doc. 9-4) at 1 ¶ 4. The Ninth Circuit Court of Appeals denied a certificate of appealability in that action. *Kessel v. Dooley*, No. 10-35351 (9th Cir Mar. 23, 2011), *available in Kessel*, No. CV 09-44-BU (Doc. 22).[1] This claim is a second or successive one, *see* 28 U.S.C. § 2244(b)(2); *Hill v. Alaska*, 297 F.3d 895, 897-99 (9th Cir. 2002), so this Court lacks jurisdiction to consider it, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). It should be dismissed.

## II. Motion for Discovery

In light of the Amended Petition's failure to state a claim on which federal habeas relief can be granted, the motion for discovery is moot.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where

---

[1] Mr. Kessel filed a second habeas petition as well. It also failed to raise this claim. *See* Pet. (Doc. 1), *Kessel v. Dooley*, No. CV 11-35-BU-RFC (D. Mont. dismissal entered Aug. 8, 2011).

a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Mr. Kessel's first claim for relief fails because it fails to make any showing whatever, much less a substantial one, that he was deprived of a federal constitutional right. The standard of § 2253(c)(2) is not met. The second claim is wholly frivolous. A COA is not warranted on either claim.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Kessel's motion for discovery (Doc. 11) is DENIED AS MOOT.

The Court also enters the following:

## RECOMMENDATION

1. The Amended Petition (Doc. 9) should be DENIED and DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner on the first claim and of dismissal on the second claim.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Kessel may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Kessel must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 4th day of March, 2014.

_/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.