IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION


FILED

APR 1 0 2014

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| JOHN KESSEL, | CV 13–52–H–DWM–RKS |
| Petitioner, | |
| vs. | ORDER |
| WARDEN KIRKEGARD, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA BOARD OF PARDONS AND PAROLE, and the ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on the proposed Findings and

Recommendations entered by United States Magistrate Judge Keith Strong, (Doc.

12), regarding the Petition for writ of *habeas corpus* under 28 U.S.C. § 2254 filed

by John Kessel, (Doc. 1). Because Kessel is a prisoner, upon filing, this matter

was referred to Judge Strong. *See* L.R. 72.2(a). Judge Strong filed his proposed

Findings and Recommendations regarding the Petition on March 4, 2014. (Doc.

12 at 6.) "Within fourteen days after being served with a copy, any party may

serve and file written objections to such proposed findings and recommendations

as provided by rules of court." 28 U.S.C. § 636(b)(1). Because the statutory objections period states that a party may file objections within a specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). Accordingly, written objections to Judge Strong's proposed Findings and Recommendations were due March 21, 2014. Kessel timely filed his Objections on March 17, 2014. (*See.* Doc. 13.)

The portions of Judge Strong's proposed Findings and Recommendations to which Kessel objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636. When no party objects, the Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong's report contains no mistake of fact or law and will be adopted

in-full. Kessel's Objections do not rejoin the analysis on two claims in Judge

Strong's proposed Findings and Recommendations. These claims are soundly

adjudicated in Judge Strong's report. Kessel's claim for relief regarding the

Montana Supreme Court's decision to deny his petition for a writ of review is

without merit. There is no basis for federal *habeas corpus* relief on this claim.

Kessel's claim regarding his confinement in South Dakota could have been raised

in his first petition for a writ of *habeas corpus* in this Court. The Court lacks

jurisdiction to consider this claim in this successive action.

Kessel's Objections relate to Judge Strong's finding that there is no

cognizable federal *habeas* claim for relief related to his claims about completion

of sexual offender treatment. Kessel claims he completed sexual offender

treatment while incarcerated in South Dakota and that the Montana State Prison

and Board of Pardons and Parole refuse to acknowledge his completion of that

program. (Doc. 13 at 1-2.) Kessel cites *Fest v. Bartee*, 804 F.2d 559 (9th Cir.

1986), in support of his argument. *Fest*, a case regarding the proper venue for a

*habeas* petition, does not support the claim Kessel advances in his Objections.

The determination of whether Kessel has completed the conditions of his sentence,

including any requirement that he complete sex offender treatment, is part of the

process for determining his eligibility for parole. In Montana, the Board of

Pardons and Parole is permitted, but not required, to release an appropriate prisoner on nonmedical parole. *See* Mont. Code Ann. § 46-23-201(1) and (5). The responsibility for ensuring the constitutionality of the procedure for considering parole lies with the State of Montana and not this Court. *See* *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 863 (2011) (*per curiam*). Federal *habeas* relief is not available on this claim. Because Kessel's claims are plainly barred on these grounds and no reasonable jurist could disagree with this Court's procedural ruling, a certificate of appealability is not warranted and will be denied. *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS ORDERED:

(1)     The proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 12), are ADOPTED IN-FULL.

(2)     The Petition for writ of *habeas corpus* brought by Petitioner John Kessel, (Doc. 1), is DISMISSED WITH PREJUDICE.

(3)     A certificate of appealability is DENIED. The Clerk of Court shall immediately process any appeal filed by Petitioner Kessel.

(4)     The Clerk of Court shall enter by separate document a judgment in

favor of Respondents and against Petitioner, pursuant to Federal Rule

of Civil Procedure 58, and close this case.

DATED this ___10___ day of April, 2014.

Donald W. Molloy, District Judge
United States District Court